IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OREGON ENVIRONMENTAL COUNCIL, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE OF THE UNITED STATES, et al.,<br><br>    *Defendants*. | Case No. 25-cv-04400 (CKK) |

**PLAINTIFFS' MOTION FOR BRIEFING SCHEDULE
AND EXPEDITED CONSIDERATION UNDER 28 U.S.C. § 1657(a)**

This case challenges an IRS action that affects eligibility for clean electricity tax credits expiring on July 4, 2026. Plaintiffs Oregon Environmental Council, *et al.* respectfully move the Court to (1) set a briefing schedule; and (2) expedite consideration of this matter, for good cause, under 28 U.S.C. § 1657(a). The Defendants oppose both requests. In support of this motion, Plaintiffs state as follows:

    1.    As detailed in Plaintiffs' Complaint, this action challenges the Internal Revenue Service's (IRS) Notice 2025-42, which abruptly terminated wind and solar projects' access to a longstanding method for demonstrating eligibility for Clean Electricity Production and Investment Tax Credits. ECF No. 1.

    2.    Notice 2025-42 took effect on September 2, 2025. IRS Notice 2025-42, 2025-36 I.R.B. 347, 351 (2025).

    3.    The relevant tax credits are set to expire for facilities that do not begin construction by July 4, 2026. *See id.* at 351-52. Notice 2025-42 governs what wind and solar facilities must do to "begin construction." *Id.* at 351.

4. On January 8, 2026, summonses were properly served on the Defendants. *See* ECF Nos. 20-22.

5. On January 14, 2026, Plaintiffs contacted counsel for Defendants to negotiate a briefing schedule. Between January 15 and 27, 2026, the parties conferred about Plaintiffs' request. Ultimately, the parties were unable to reach agreement on a proposed schedule.

6. Concurrent with this motion, Plaintiffs today file their motion for summary judgment. While Defendants have not yet certified an administrative record in this case, the "urgent time constraints" from the impending tax credit expiration drive Plaintiffs to file for summary judgment in advance of the record's production. *See Planned Parenthood of Greater N. Y. v. HHS*, 2025 WL 2840318, at *7 (D.D.C. Oct. 7, 2025). Moreover, there is good reason to believe the record in this case will be "sparse," *id.* at *17: the sole basis cited for the Notice is an Executive Order issued 45 days before the Notice; the agencies did not seek public comment in advance of the abrupt change; and no supporting documentation, evidence, or rationale was made publicly available at the time the Notice was issued.

7. Defendants' deadline to answer or file a dispositive motion and the administrative record is March 9, 2026. *See* Fed. R. Civ. P. 12(a)(2)-(3); ECF Nos. 20-22.

8. Notice 2025-42 is presently causing Plaintiffs significant harm. *See* Plaintiffs' Memorandum in Support of Motion for Summary Judgment ("Pl.'s Memo."), ECF No. 26-1 at 14-25. However, preliminary relief would not mitigate Plaintiffs' harm. Since these harms stem from the uncertainty the Notice casts over the viability of wind and solar projects, they will persist as long as the Notice's ultimate legality remains in question, and can only be remedied by this Court's final ruling.

9.      Accordingly, to obtain clarity on the Notice's lawfulness sufficiently in advance of the imminent July 4, 2026 deadline, so Plaintiffs and affiliated wind and solar projects can take action in response to the Court's decision, Plaintiffs respectfully move this Court for both a swift briefing schedule and expedited consideration of this case.

10.     Plaintiffs respectfully request that the Court adopt the following briefing schedule:

| | |
|---|---|
| March 9, 2026: | Deadline for Defendants to (1) file their opposition to Plaintiffs' motion for summary judgment and any dispositive motions; and (2) produce the administrative record to Plaintiffs and file certification with the Court; |
| March 23, 2026: | Deadline for Plaintiffs to (1) file their reply in support of Plaintiffs' motion for summary judgment and (2) respond to any dispositive motion filed by Defendants; |
| April 6, 2026: | Deadline for Defendants to file a reply, if any, in support of any dispositive motion; |
| April 13, 2026: | Deadline for the parties to submit to the Court an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in briefing. |

11.     This briefing schedule retains Defendant's default dispositive motion deadline (and the attendant deadline to certify the administrative record simultaneously with a dispositive motion), provides Defendants an additional two weeks beyond the default schedule to respond to Plaintiffs' motion for summary judgment, and includes an additional week beyond the default schedule for parties to file their replies, while still completing briefing approximately two-and-a-half months before the tax credit deadline.

12.     In addition, Plaintiffs respectfully move the Court to expedite consideration of this case, pursuant to 28 U.S.C. § 1657(a), for good cause. That section provides that "courts "shall expedite the consideration of any action . . . if good cause therefor is shown." 28 U.S.C. § 1657(a). Good cause is shown where a claim arises "under . . . a Federal Statute . . . in a factual

context that indicates that a request for expedited consideration has merit." *Id.* "The 'good cause' standard could properly come into play, for example, in . . . actions where the public interest in enforcement of the statue is particularly strong." H.R. Rep. No. 98-985 (Aug. 31, 1984).

13. Good cause for expedited disposition is present here. Prompt resolution of Plaintiffs' Motion for Summary Judgment will provide renewable energy industry participants with the clarity needed to determine whether their projects will qualify for federal tax credits set to expire for any project that does not begin construction by July 4, 2026. Until this Court rules on the lawfulness of Notice 2025-42, wind and solar projects continue to face increased risk of cancellation, chilling clean energy development, which is vital to improving air quality, reducing emissions, and increasing energy affordability. Pl.'s Memo. at 14-15, 20-24 (citing Declaration of Amanda Levin ("Levin Decl.") ¶¶ 40, 43, 89-106, figs. 3-6). As detailed in Plaintiff's brief, in response to Notice 2025-42, some renewable energy developers and servicers have hastily recalibrated plans in an effort to qualify for tax credits before July 4, 2026. *Id.* at 16-19. To meet the quickly approaching deadline, these businesses are diverting money, staff time, and resources from essential business operations, while foregoing future client development and sales. *Id.* at 18. And purchasers of clean energy are facing increased costs, which have been passed down to them by wind and solar developers attempting to manage the financial uncertainty caused by the Notice. *Id.* at 20-22.

14. Because this case arises under the Administrative Procedure Act (APA), the sole disputed issue is a question of law. As referenced *supra*, Plaintiffs anticipate the administrative record will be sparse: Notice 2025-42 cites only Executive Order 14315 as its supporting authority. Moreover, the proposed schedule anticipates that any relevant record documents would be produced and available to the Court before the completion of briefing. Accordingly, the

4

schedule Plaintiffs herein propose both accounts for the urgency of the impending tax credit deadline and ensures that the Court will have access to all necessary information to decide this case.

15. A proposed order is enclosed.

Dated: February 13, 2026                                  Respectfully submitted,

/s/ Sarah V Fort
_____
Sarah Fort (DC Bar #1032192)
Sitara Witanachchi (DC Bar #1023007)
Thomas Zimpleman (DC Bar #1049141)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
Phone: (202) 513-6244
Fax: (415) 795-4799
sfort@nrdc.org
switanachchi@nrdc.org
tzimpleman@nrdc.org


/s/ Simi Bhat
_____
Simi Bhat (*admitted pro hac vice*)
Natural Resources Defense Council
111 Sutter Street, 21st Fl.
San Francisco, CA 94104
Phone: (415) 875-6110
Fax: (415) 795-4799
sbhat@nrdc.org

Counsel for Plaintiffs Oregon Environmental Council, Natural Resources Defense Council, Inc., Public Citizen, Hopi Utilities Corporation, and Woven Energy

5

                /s/ *Sophia L. Cai*
                David Chiu (*admitted pro hac vice*)
                San Francisco City Attorney
                Sophia L. Cai (*admitted pro hac vice*)
                Yvonne R. Meré (*admitted pro hac vice*)
                Chief Deputy City Attorney
                Sushil C. Jacob
                Deputy City Attorneys
                City and County of San Francisco
                Fox Plaza
                1390 Market Street, 7th Floor
                San Francisco, CA 94102
                Phone: (415) 554-4274
                sophia.cai@sfcityatty.org

                Counsel for Plaintiff City and County of San Francisco

                /s/ *David S. Lapp*
                David S. Lapp (*admitted pro hac vice*)
                People's Counsel
                Maryland Office of People's Counsel
                6 St. Paul Street, Suite 2102
                Baltimore, MD 21201
                Phone: (410) 767-8171

                Counsel for Plaintiff Maryland Office of People's Counsel