**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OREGON ENVIRONMENTAL COUNCIL, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE OF THE UNITED STATES, et al.,<br><br>    *Defendants*. | **Case No.  25-cv-04400 (CKK)** |

**[PROPOSED] PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendants raised two new arguments in their reply brief: first, that, because this is a "tax case," standing is subject to a different inquiry than in other cases; and second, that the failure of a Senate March 25, 2026 procedural vote on a Congressional Review Act (CRA) resolution indicates that Notice 2025-42 is consistent with the legislative intent of the One Big Beautiful Bill Act (OBBBA). Neither argument holds water. The Court should not consider Defendants' novel standing challenge, which they waived by failing to assert it in their initial brief. Even if not waived, the argument is without merit, as the familiar constitutional test for standing applies to this case. Finally, a single chamber procedural vote nearly a year after the OBBBA is not indicative of the statute's underlying congressional intent.

**I.      Traditional standing requirements apply to this case**

Defendants' reply brief asserts, for the first time, that this case is subject to a more restrictive standing analysis than other cases, and that "all relevant caselaw" indicates that a

1

person whose own tax liability is not at issue cannot have standing to challenge an IRS action. Defs.' Reply Br. at 3-4.

Arguments made for the first time on reply are waived. *See In re Asemani*, 455 F.3d 296, 300 (D.C. Cir. 2006). To consider such arguments "would be manifestly unfair" to the opposing party, and would risk "an improvident or ill-advised opinion," as belatedly introducing new issues circumvents the normal "adversarial process for sharpening the issues for decision." *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 196 (D.C. Cir. 1992).

Even if this Court considers Defendants' belated argument, it fails on the merits. As Plaintiffs have previously explained at length, this suit is not about any entity's ultimate tax liability. Pls.' Combined Reply and Resp. at 1-2, 17-21, ECF No. 38. But there is also no tax-specific doctrine of standing. On the contrary, the cases cited by Defendants all evaluate standing using the familiar constitutional test. *See Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1433 (D.C. Cir. 1995) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992) for "the irreducible constitutional minimum of standing": injury-in-fact, causation, and redressability); *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 38 (1976) (describing "relevant inquiry" as whether "plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision"); *Wright v. Miller*, 480 F. Supp. 790, 793-95 (D.D.C. 1979) (concluding plaintiffs had failed to satisfy all three prongs of the standing analysis); *Fernebok v. D.C.*, 534 F. Supp. 2d 25, 28 (D.D.C. 2008) (citing *Lujan*).

Admittedly, the opinion in *National Taxpayers Union* stated that "the standing inquiry in tax cases is more restrictive than in other cases." 68 F.3d at 1434. But over the last thirty years, the D.C. Circuit has never again mentioned a "more restrictive" tax standing test, let alone clarified its requirements. Read in context, that statement is best understood to mean that a

plaintiff challenging another's tax liability faces significant hurdles in proving the elements of standing.[1] *Cf. Lujan*, 504 U.S. at 562 (holding that any plaintiff who is "not himself the object of the government action or inaction he challenges" faces a more challenging standing analysis). But such plaintiffs do not face a different test.[2]

Nor does "all relevant caselaw" suggest that a plaintiff can never demonstrate standing based on the tax treatment of another. *Contra* Defs.' Br. at 3-4. Most notably, in *Clinton v. New York*, the Supreme Court held that an association of farmers formed for the purpose of *buying* certain processing facilities had standing to challenge the President's line-item veto of a statutory provision providing a tax break to the *sellers* of the facilities. 524 U.S. 417, 434 (1998). The Court found that the farmers' cooperative had adequately identified an injury where "it had concrete plans to utilize the benefits" of the tax break, "it was engaged in ongoing negotiations" with the sellers, and "it is actively searching for other processing facilities for possible future purchase if the President's cancellation is reversed." *Id.* at 432; *see also* Hyams Decl. ¶¶ 7-8. The Court distinguished the case from *Simon*, which "involved a speculative chain of causation quite different from the situation here." *Clinton*, 524 U.S. at 436 n.23. Notably, in *Clinton*, as here, the Government "argue[d] that the wrong parties are before the Court—that because the sellers of

---

[1] The opinion cites two cases as support for this statement, both of which employed the traditional standing inquiry but found that parties seeking to challenge a third party's favorable tax treatment were unlikely to prove traceability and redressability. *See Simon*, 426 U.S. at 42-44; *id.* at 46 (Stewart, J., concurring) (joining the opinion of the Court); *Fulani v. Brady*, 935 F.2d 1324, 1328 (stating that "where a party is seeking simply to remove a third party's entitlement to a tax exemption, the exemption likely will not bear sufficient links of traceability and redressability to the alleged injury to warrant standing").

[2] Even if the Court reads the quoted text from *National Taxpayers Union* differently, the Court is not bound by it. The statement—which came only after the court had found that the petitioners had not established standing under the ordinary constitutional requirements—is dicta. *See, e.g.*, *Gersman v. Grp. Health Ass'n, Inc.*, 975 F.2d 886, 897 (D.C. Cir. 1992) ("Binding circuit law comes only from the holdings of a prior panel, not from its dicta.").

the processing facilities would have received the tax benefits, only they have standing to challenge the cancellation" of the benefit. *Id.* at 434. The Supreme Court squarely rejected the Government's argument, which it held "overlook[ed] the self-evident proposition that more than one party may have standing to challenge a particular action or inaction." *Id*.

This case is subject to the same standing analysis as any other that invokes this Court's jurisdiction. Because Plaintiffs have demonstrated that they are suffering cognizable injuries fairly traceable to Defendants' unlawful notice and likely to be remedied by a favorable order from this Court, Plaintiffs have standing.

## II.    The Senate's recent procedural vote is irrelevant to this case

Defendants' assertion—that a recent procedural vote by the Senate and statements by certain Senators "leave no doubt the Notice is in line with what Congress wanted," Defs.' Reply Br. at 29—is incorrect. That vote, and the accompanying statements, are irrelevant to this case.

On February 12, 2026, Senator Cortez Masto introduced a resolution pursuant to the Congressional Review Act (CRA), 5 U.S.C. § 801, that proposed to disapprove IRS Notice 2025-42.[3] She did so in recognition that the Notice "makes it harder" for "wind and solar energy companies to claim a vital tax credit" and "meet the increased demand for electricity in this country," so it "will lead to higher energy prices for working families." 172 Cong. Rec. S1598 (daily ed. Mar. 25, 2026). On March 25, the Senate declined to consider the CRA resolution.

The Senate's vote has no bearing on this case. "Subsequent failed legislation tell[s] us little if anything about the original meaning" of a statute. *Verizon v. FCC,* 740 F.3d 623, 639 (D.C. Cir. 2014); *see also Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1092-3 (D.C. Cir.

---

[3] The CRA is an oversight mechanism allowing both houses of Congress, acting together, to disapprove an administrative rule. 5 U.S.C. § 801.

2015) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 187 (1994)); *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 293-94 (1988). That is especially so when neither house of Congress even voted on the substance of the subsequent legislation.

Nor do the statements to which Defendants cite undermine Plaintiffs' point that, in enacting OBBBA, Congress did not intend for the IRS to change its longstanding beginning of construction rules, as evidenced by legislators' statements in the administrative record that the IRS failed to consider. *See* Pls.' Resp. and Reply at 35. Although Senator Crapo described the *Administration's* intent in issuing the Notice, the full statements of Senators Crapo and Grassley, selectively quoted by Defendants, do not say anything about *Congressional* intent in passing the OBBBA. Rather, both Senators Crapo and Grassley expressed concern about causing further regulatory uncertainty by proceeding on the CRA resolution. 172 Cong. Rec. S1597 (daily ed. Mar. 25, 2026) (Sen. Crapo on the need to prevent "unpredictability by overturning" the Notice); *Grassley Brings Certainty for Clean Energy Industries* (Mar. 25, 2026), https://perma.cc/D54Q-64P8 (Grassley statement on the need to prevent "regulatory uncertainty"). These statements say nothing about Congress's original intent in passing OBBBA.

## CONCLUSION

Defendants' new arguments should not alter the Court's analysis in this case. Because Plaintiffs have demonstrated standing to sue under Article III, and because Defendants failed to provide a reasoned explanation, supported by the record, for issuing Notice 2025-42, the Notice should be vacated.

Dated: April 13, 2026

Respectfully submitted,

_____

Sarah Fort (D.C. Bar No. 1032192)
Sitara Witanachchi (D.C. Bar No. 1023007)
Thomas Zimpleman (D.C. Bar No. 1049141)

Natural Resources Defense Council, Inc.
1152 15th Street NW, Suite 300
Washington, D.C. 20005
Phone: (202) 513-6244
Fax: (415) 795-4799
sfort@nrdc.org
switanachchi@nrdc.org
tzimpleman@nrdc.org

Simi Bhat (*admitted pro hac vice*)
Natural Resources Defense Council, Inc.
111 Sutter Street, 21st Fl.
San Francisco, CA 94104
Phone: (415) 875-6110
Fax: (415) 795-4799
sbhat@nrdc.org

*Counsel for Plaintiffs Oregon Environmental Council, Natural Resources Defense Council, Inc., Public Citizen, Hopi Utilities Corporation, and Woven Energy*


*/s/ Sophia L. Cai*
David Chiu (*admitted pro hac vice*)
San Francisco City Attorney
Yvonne R. Meré (*admitted pro hac vice*)
Chief Deputy City Attorney
Sophia L. Cai (*admitted pro hac vice*)
Sushil C. Jacob
Deputy City Attorneys
City and County of San Francisco
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102
Phone: (415) 554-4274
sophia.cai@sfcityatty.org

*Counsel for Plaintiff City and County of San Francisco*

*/s/ David S. Lapp*
David S. Lapp (*admitted pro hac vice*)

6

People's Counsel
Maryland Office of People's Counsel
6 St. Paul Street, Suite 2102
Baltimore, MD 21201
Phone: (410) 767-8171

*Counsel for Plaintiff Maryland Office of People's Counsel*